The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or to make substantive amendments to the Opinion and Award of the Deputy Commissioner, except that in Paragraphs 1, 3 and 4 of the Award the word "Defendant" is replaced by the word "Defendants".
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On November 23, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer.
2. At such time, ITT Hartford was the carrier on the risk.
3. At such time, plaintiff's average weekly wage was $258.79, yielding a compensation rate of $172.54.
4. Medical records from Drs. Hoski, Schleifer, Gutherie, and Das; Rehabilitation Nurse Michelle Goff; St. Joseph's Hospital, Asheville Rehabilitation Center, and Park Ridge Hospital are received into evidence.
* * * * * * * * * * * * * * *
FINDINGS OF FACT
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
1. Plaintiff, who is 44 years of age, was employed as a certified nursing assistant with defendant employer Olsten Health Care on November 23, 1992. Plaintiff's job duties as a certified nursing assistant included, among other things, lifting immobile patients from bedside commodes and placing them back on their beds.
2. On November 23, 1992, plaintiff sustained an injury by accident arising out of and in the course of employment with defendant employer when he lifted a patient who weighed in excess of 200 pounds off of a bedside commode. At the time of the injury by accident, plaintiff felt pain in his lower back.
3. Defendants accepted liability for plaintiff's November 23, 1992 injury pursuant to a Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on February 15, 1993.
4. For his November 23, 1992 injury, plaintiff was initially seen by Dr. Schleifer at Park Ridge Hospital, then by Dr. Guthrie, and finally he came under the care of Dr. Hoski. Under the direction of Dr. Hoski, plaintiff underwent a period of conservative treatment followed by a microlumbar discetomy at L4-5, which was performed by Dr. Hoski in April of 1993. Plaintiff was thereafter seen for evaluation by Dr. Das.
5. Subsequent to the surgery, Dr. Hoski referred plaintiff to Asheville Rehabilitation Center.
6. On June 28, 1993, plaintiff was at the Asheville Rehabilitation Center for his second half-day work hardening session. During the course of the session, which included various weight lifting, stretching, and treadmill exercises, plaintiff experienced a pulling sensation in his neck while performing an exercise on a weight machine. After plaintiff arrived at home from the session, plaintiff developed severe pain in his neck. Plaintiff immediately attempted to contact Dr. Hoski, who was on vacation at the time. Subsequently, plaintiff did not return to the Asheville Rehabilitation Center due to his neck pain.
7. Thereafter, on July 6, 1993, plaintiff was seen by Dr. Hoski, who diagnosed plaintiff as having a herniated disc at C3-4.
8. On July 8, 1993, defendant carrier submitted a Form 24 to the Industrial Commission, which was approved on August 13, 1993 on the basis that claimant was able to return to light duty work which was available and offered to plaintiff by defendant employer. Plaintiff's compensation payments were stopped by the carrier at that time.
9. On December 8, 1993, Dr. Hoski performed surgery on plaintiff to repair the herniated disc at C3-4 in his neck. Subsequent to this surgery, plaintiff underwent rehabilitation treatments at St. Joseph's Hospital, having been referred there by Dr. Hoski. Plaintiff completed his rehabilitation treatments at St. Joseph's three weeks prior to the hearing.
10. On June 28, 1993, during the course of prescribed treatment for plaintiff's November 23, 1992 injury by accident, plaintiff sustained a herniated disc at C3-4, which injury was the direct and natural result of plaintiff's November 23, 1992 injury by accident.
11. As a result of the admittedly compensable work-related November 23, 1992 injury by accident and the subsequent causally related June 28, 1993 neck injury, plaintiff has been unable to earn any wages in any employment from November 24, 1992 to the close of the evidentiary record in this case.
12. Plaintiff has not reached the end of the healing period from his November 23, 1992 injury by accident and his causally related June 28, 1993 neck injury.
13. As a result of the admittedly compensable November 23, 1992 injury by accident and the causally related June 28, 1993 neck injury, plaintiff reasonably required medical care and treatment from Dr. Hoski, Dr. Schleifer, Dr. Guthrie, Dr. Das, the Asheville Rehabilitation Center, and St. Joseph's Hospital.
14. Defendant carrier's Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, was improvidently approved on August 13, 1993.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On November 23, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, and, as a result thereof, has been temporarily totally disabled from November 24, 1992 to the present and continuing, for which he is entitled to temporary total disability compensation at the rate of $172.54 per week for the aforementioned period and continuing until he returns to work at the same or greater wages than he was warning on November 23, 1992, until he undergoes a change of condition, or until further order of the Industrial Commission, subject to a credit to defendants for compensation paid heretofore. G.S. § 97-2 (6); § 97-29.
2. As a result of his November 23, 1992 injury by accident and his June 28, 1993 injury by accident, plaintiff is entitled to payment of all medical expenses incurred, or to be incurred. G.S. § 97-2 (19); § 97-25.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $172.54 per week for the period beginning November 23, 1992 and continuing until such time as plaintiff returns to work at the same or greater wages than he was earning on November 23, 1992, until he undergoes a change of condition, or until a further order of the Industrial Commission, less a credit for payments already made to plaintiff. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under paragraph #1 of this Award is hereby approved for plaintiff's counsel, Mr. Patrick D. Sarsfield, II.
3. Defendants shall pay all medical compensation incurred, or to be incurred, by plaintiff as a result of his November 23, 1992 injury by accident.
4. Defendants shall pay all costs, including an expert witness fee in the amount of $450.00 to Dr. James J. Hoski.
 S/ _________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ THOMAS J. BOLCH COMMISSIONER